**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 16-22585-CIV-SCOLA/OTAZO-REYES**
**(NO. 14-20130-CR-SCOLA)**

ANTRON EDWARDS,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.
_______________________________/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Movant Antron Edwards ("Edwards" or "Movant") Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Section 2255") (hereafter, "Motion to Vacate") [D.E. 1]. This matter was referred to the undersigned by the Honorable Robert N. Scola, Jr., United States District Judge, pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1 [D.E. 5]. The undersigned held a hearing on this matter on October 18, 2016. For the reasons stated below, the undersigned respectfully recommends that the Motion to Vacate be GRANTED.

## PROCEDURAL BACKGROUND

On March 4, 2014, Edwards was charged by way of indictment in Case No. 14-20130-CR-SCOLA (hereafter, "Case 14-20130") of the following crimes allegedly committed on December 11, 2013:

Count 1: Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a).

Count 2: Using and carrying a firearm during and in relation to a crime of violence, namely, Hobbs Act Robbery, in violation of 18 U.S.C. § 924(c)(1)(A).

  Count 3: Possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

See Indictment [Case 14-20130, D.E. 1]. On August 14, 2014, Edwards pled guilty to Count 3 only [Case 14-20130, D.E. 27]. Pursuant to a plea agreement, the government agreed to dismiss Counts 1 and 2 of the indictment at the time of sentencing [Case 14-20130, D.E. 25]. On November 13, 2014, Edwards was sentenced to a term of 180 months, followed by five years of supervised release. See Judgment [Case No. 14-20130, D.E. 36]. Edwards was subject to a 15-year minimum mandatory sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). See Motion to Vacate [D.E. 1 at 1]. The Court relied upon the following prior convictions for application of the ACCA to Edwards' sentence: burglary; fleeing and eluding high speed chase; arson first degree; possession with intent to sell or deliver cocaine; burglary of an unoccupied structure; and cocaine/sell/man/del/poss with intent. See Response to Motion to Vacate [D.E. 9 at 2].

On June 24, 2016, Edwards filed the instant Motion to Vacate [D.E. 1]; see also [Case 14-20130, D.E. 37]. Edwards contends that his 15-year minimum mandatory sentence pursuant to the ACCA has been rendered illegal by the United States Supreme Court's ruling that the ACCA's "residual clause" is unconstitutionally vague. See Johnson v. United States, 135 S. Ct. 2551 (2015).

## APPLICABLE LAW

The ACCA provides that any person who violates 18 U.S.C. § 922(g)—possession of a firearm or ammunition by a convicted felon—and has three previous convictions for a violent felony or a serious drug offense, shall be imprisoned for at least 15 years. 18 U.S.C. § 924(e)(l). The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is the "elements clause;" and the second prong contains the "enumerated crimes clause" and the "residual clause." United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).

On June 26, 2015, the Supreme Court held in Johnson that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. Johnson, 135 S. Ct. at 2557-58, 2563. The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes clause of the ACCA's definition of a violent felony. Id. at 2563. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S. Ct. 1257 (2016), that Johnson announced a new, substantive rule that applies retroactively to cases on collateral review. Id. at 1264-65.

The government has conceded that, after Johnson, Edwards' two burglary convictions and the conviction for fleeing and eluding high speed chase do not qualify as predicate convictions under the ACCA; and that the arson conviction does not satisfy the ACCA's elements clause. See Response to Motion to Vacate [D.E. 9 at 2, 7]. Further, Edwards acknowledges that his two drug convictions do qualify as predicate convictions under the ACCA. See Reply in Support of Motion to Vacate [D.E. 13 at 2]. Therefore, the sole dispute between the parties is whether the arson conviction falls within the enumerated crimes clause of the ACCA, thereby constituting the third predicate prior conviction required for imposition of the ACCA's 15-year minimum mandatory sentence. Id. at 3.

## DISCUSSION

### *1. Analytical framework*

The "ACCA defines the term 'violent felony' to include any felony, whether state or federal, that 'is burglary, arson, or extortion.'" Mathis v. United States, 136 S. Ct. 2243, 2248 (2016) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). "In listing those crimes, we have held, Congress referred only to their usual or (in our terminology) generic versions—not to all variants of the offenses." Id. (citing Taylor v. United States, 495 U.S. 575, 598 (1990)). "To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary [or other enumerated crime], while ignoring the particular facts of the case." Id. "A crime counts as 'burglary' [or 'arson' or 'extortion'] under the [ACCA] if its *elements* are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary' [or 'arson' or 'extortion']—even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." Id.

### *2. The Florida arson statute*

The Florida arson statute provides that:

> (1) Any person who willfully and unlawfully, or while in the commission of any felony, by fire or explosion, damages or causes to be damaged:
>
> (a) Any dwelling, whether occupied or not, or its contents;
>
> (b) Any structure, or contents thereof, where persons are normally present, such as: jails, prisons, or detention centers; hospitals, nursing homes, or other health care facilities; department stores, office buildings, business establishments, churches, or educational institutions during normal hours of occupancy; or other similar structures; or

> (c) Any other structure that he or she knew or had reasonable grounds to believe was occupied by a human being,
>
> is guilty of arson in the first degree, which constitutes a felony of the first degree.

Fla. Stat. § 806.01.

***3. Generic arson***

Although the Eleventh Circuit has not opined on the definition of generic arson, the Fifth Circuit has found that "courts considering whether arson is a crime of violence agree that the generic, contemporary definition of arson involves a 'willful and malicious burning of property.'" United States v. Velez-Alderete, 569 F.3d 541, 546 (5th Cir. 2009) (quoting United States v. Velasquez-Reyes, 427 F.3d 1227, 1230 (9th Cir. 2005) (quoting United States v. Hathaway, 949 F.2d 609, 610 (2d Cir. 1991))). The Fifth Circuit also relied on

> *United States v. Whaley*, 552 F.3d 904, 907 (8th Cir. 2009) ("[W]e conclude that the generic offense of arson, for purposes of the sentence enhancement in [the Armed Career Criminal Act], has as elements the malicious burning of real or personal property of another."); *United States v. Craig*, 236 F. App'x 863, 865 (4th Cir. 2007) (holding that "the burning of personal property with intent to defraud . . . substantially corresponds to the generic definition of arson for the purposes of [the Armed Career Criminal Act]"); and *United States v. Miller*, 246 F. App'x 369, 372 (6th Cir. 2007) (stating that "[t]he widely accepted 'generic' definition of arson thus includes the knowing burning of personal property without consent or with unlawful intent" in holding that Tennessee's arson statute constitutes a violent felony under the Armed Career Criminal Act).

Id. The Fifth Circuit concluded, "We join our sister Courts of Appeals in holding that the generic, contemporary definition of arson involves a willful and malicious burning of property." Id.

***4. Comparison of Florida arson with generic arson***

Applying the Mathis analytical framework, it is clear that the Florida arson statute covers more conduct than generic arson as defined by the Fifth Circuit. Specifically, Florida arson can be committed "willfully and unlawfully" or "while in the commission of any felony," while

generic arson may only be predicated on "a willful and malicious burning of property." Compare Fla. Stat. § 806.01(1) with Velez-Alderete, 569 F.3d at 546. However, at the October 18th hearing, the government argued that the Florida arson statute is divisible, that only the "willfully and unlawfully" portion is involved in Edwards' case, and that only that portion should be compared to generic arson.

***5. Divisible statutes and the modified categorical approach***

In Mathis, the Supreme Court acknowledged that, "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime. The court then lines up that crime's elements alongside those of the generic offense and sees if they match." Mathis, 136 S. Ct. at 2248. The Supreme Court added that "Some statutes, however, have a more complicated (sometimes called 'divisible') structure, making the comparison of elements harder." Id. at 2249 (citing Descamps v. United States, 133 S. Ct. 2276, 2283 (2013)). In those cases,

> this Court approved the "modified categorical approach" for use with statutes having multiple alternative elements. See, *e.g., Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005). Under that approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of. See *ibid.*; *Taylor*, 495 U.S., at 602, 110 S. Ct. 2143. The court can then compare that crime, as the categorical approach commands, with the relevant generic offense.

Id. at 2249.

Here, Movant was charged with committing arson "willfully and unlawfully, or while in the commission of any felony." See Gov't Ex. 2 at 3. However, no specific felony was alleged in the charging document. Id.

The applicable Florida Standard Jury Instruction reads, in pertinent part:

> To prove the crime of Arson, the State must prove the following [three] [four] elements beyond a reasonable doubt:

***

*Give 2a or 2b*

2. a. The damage was done willfully and unlawfully.

b. The damage was caused while defendant was engaged in the commission of (felony alleged).

***

See Gov't Ex. 1.

Given the alternative elements for proving arson and the absence of an alleged underlying felony, the undersigned concludes that the arson statute is divisible and that Edwards was convicted for committing arson "willfully and unlawfully" rather than "while in the commission of a felony." Mathis, 136 S. Ct. at 2248-49.

***6. Comparison of the divisible Florida arson with generic arson***

The final task is to line up the elements of the divisible Florida arson committed "willfully and unlawfully" with those of the generic offense to see if they match. Mathis, 136 S. Ct. at 2248-49. As noted above, the Fifth Circuit has concluded that "the generic, contemporary definition of arson involves a willful and malicious burning of property." Velez-Alderete, 569 F.3d at 546. Therefore, the question is whether "willful and unlawful" matches "willful and malicious."

In Lofton v. State, 416 So. 2d 522 (Fla. 4th DCA 1982), Florida's Fourth District Court of Appeal explained that the arson statute "was amended effective June 1, 1979" to prohibit "the 'willful and unlawful' burning, as opposed to the 'willful and malicious' burning contained in the prior statute." Id. at 522-23. The court further explained,

> Under the former statute, arson convictions were difficult to obtain because of the problems inherent in proving malice, i.e., the defendant's evil intent. For example, in *Gould v. State*, 312 So.2d 225 (Fla. 1st DCA 1975), the First District Court of

> Appeal reversed the arson conviction of a defendant who had burned his own house with intent to defraud the insurer of the house because proof of malice was lacking.
>
> In order to alleviate this problem, the Legislature substituted the word "unlawfully" for the word "maliciously." Under this new wording the State need not prove an evil intent on the part of the perpetrator. It need only be shown that the willful act was done without a legitimate, lawful purpose.

Id. at 523. Given this interpretation of Florida's arson statute by a Florida court, the undersigned concludes that the "willful and unlawful" elements of the divisible Florida arson do not match with the "willful and malicious" elements of generic arson as defined by the Fifth Circuit. Therefore, the divisible Florida arson statute under which Edwards was convicted does not qualify as an enumerated predicate crime for purposes of the ACCA. Mathis, 136 S. Ct. at 2249.[1]

## CONCLUSION

Because Edwards lacks the three predicate convictions required for sentencing enhancement pursuant to the ACCA, the undersigned RESPECTFULLY RECOMMENDS that Edwards' Motion to Vacate be GRANTED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Robert N. Scola, Jr. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's

---

[1] The government cites to United States v. Whaley, 552 F.3d 904, 907 (8th Cir. 2009) for the proposition that there is little difference among the following mental states: "intentionally," "willfully," "maliciously," "wantonly," and "knowingly." See Response to Motion to Vacate [D.E.. 9 at 5 n.4]. However, this general comment from the Eight Circuit must yield to the clear pronouncements from Florida's Fourth District Court of Appeal and the Fifth Circuit regarding Florida arson and generic arson.

order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 20th day of January, 2017.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Robert N. Scola, Jr.
Counsel of Record